IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W.<br>Suite 800<br>Washington, D.C. 20006,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224,<br><br>    Defendant. | Civil Action No. 16-2198 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to records maintained by Defendant Internal Revenue Service ("IRS").  The requested records will illuminate how the IRS processed a FOIA request related to the IRS handling of confidential taxpayer information and to communications between the IRS and White House on the targeting of applications for 501(c)(4) tax-exempt status.

## NATURE OF THE ACTION

2. This case originates with a January 23, 2014 FOIA request submitted by CoA Institute to the IRS.  Despite acknowledging receipt of that FOIA request and processing it for over a year, the IRS ultimately closed the request as invalid.  That closure was improper and is currently the subject of an ongoing case, *Cause of Action Institute v. Internal Revenue Service*, No. 16-1783 (D.D.C. Complaint filed Sept. 6, 2016).

1

3. By letter, dated May 20, 2016, CoA Institute submitted a subsequent FOIA request—which is the subject of this Complaint—requesting all records pertaining to the processing of the January 23, 2014 FOIA request. *See* Ex. 1 (the "May 20, 2016 FOIA request").

4. The original January 23, 2014 FOIA request sought records that may reveal the extent to which confidential taxpayer information was the subject of improper communications between the IRS and the White House, and, in turn, between attorneys detailed to the White House and employees of the IRS. Those records also may reveal the extent to which top-level White House employees knew of or coordinated with the IRS in the targeting of conservative and free-market groups that had applied for tax-exempt status. The improper closure of the January 23, 2014 FOIA request, particularly after more than a year of processing time, reinforces concerns about agency transparency and accountability.

5. The release of records in this lawsuit pertaining to the processing of the January 23, 2014 FOIA request will help reveal the reasoning behind Defendant's improper administrative closure and contribute to ensuring agency accountability. According to Defendant's Internal Revenue Manual, IRS employees must document and explain actions taken with respect to a FOIA request and do so in a manner detailed enough to allow those who see the notes "to understand all relevant activities, actions, and/or research needed to make [the] determination." Internal Revenue Manual 11.3.13.8(7) (Aug. 14, 2013).

6. To date, the IRS has failed to issue a final determination on or produce any records in response to the May 20, 2016 FOIA request. In doing so, Defendant has unlawfully withheld records to which CoA Institute has a right and the disclosure of which will serve the public interest in ensuring a transparent and accountable government.

**JURISDICTION AND VENUE**

7.     Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

8.     Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

9.     CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

10.    The IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which CoA Institute seeks access and which are the subject of this Complaint.

**FACTS**

11.    By letter, dated May 20, 2016, CoA Institute submitted a FOIA request to the IRS seeking "all records pertaining to the processing of its FOIA request dated January 23, 2014, which was assigned case numbers F14034-0011 and F15209-0097." Ex. 1.

12.    CoA Institute explained that the scope of the May 20, 2016 FOIA request included, but was not limited to, "all records associated with those tracking numbers saved to the IRS E-DIMS/AFOIA database, as well as any correspondence received or undertaken by IRS disclosure officer(s), *viz.*, e-mail communications, instant/text messages, Microsoft Office

Communications Server messages, Sensitive Case Report records, and formal letter correspondence." *Id.*.

13. CoA Institute also requested classification as a representative of the news media for fee purposes. *Id.* at 2.

14. By letter, dated June 14, 2016, Defendant acknowledged that it had received CoA Institute's FOIA request on May 24, 2016 and assigned it tracking number F16145-0021. Ex. 2.

15. The IRS stated that it would be "unable to send the information . . . requested by June 22, 2016, which is the 20 business-day period allowed by law." *Id.* Instead, the agency unilaterally "extended [its] response date to September 29, 2016[.]" *Id.*

16. By letter, dated September 28, 2016, the IRS again unilaterally extended its deadline to respond to CoA Institute's FOIA request, citing a "need [for] additional time to search for, collect, and review responsive records[.]" Ex. 3. Defendant indicated it would "contact [CoA Institute] by December 29, 2016" if it were "still unable to complete [CoA Institute's] request." Ex. 3.

17. To date, CoA Institute has received no further communication from the IRS concerning the May 20, 2016 FOIA request.

## COUNT 1
### Violation of the FOIA: Failure to Comply With Statutory Deadlines

18. CoA Institute repeats paragraphs 1 through 17.

19. The FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

4

20. The IRS received CoA Institute's FOIA request on May 24, 2016. Ex. 2. More than twenty (20) business days have passed without the issuance of a final determination on or production of any records responsive to the May 20, 2016 FOIA request.

21. The IRS also failed to comply with the FOIA in that it never provided CoA Institute "an opportunity to arrange with the agency an alternative time frame for processing" the May 20, 2016 FOIA request. Neither the IRS's acknowledgement letter nor its subsequent unilateral extension letter provided an actual date of completion or an invitation to contact the agency for the purposes of negotiating an alternative response date for the request.

22. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. order Defendant to process the May 20, 2016 FOIA request expeditiously and to issue a final determination within twenty (20) business days of the date of the Order;

b. order Defendant to produce all responsive records promptly after issuing its final determination;

c. order Defendant to issue a *Vaughn* index accompanying the records produced explaining each redaction or withholding, if necessary;[1]

d. award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

---

[1] *See generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (requiring an agency to prepare an index correlating each withheld document, or portion thereof, with a specific FOIA exemption and nondisclosure justification).

e.   grant such other relief as the Court may deem just and proper.

Date: November 3, 2016                                    Respectfully submitted,

<u>*/s/ Julie Smith*</u>
Julie Smith
D.C. Bar No. 435292
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Ste. 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
julie.smith@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff*